104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne P. HILL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3173.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1996.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wayne P. Hill petitions for review of the February 6, 1996, final decision of the Merit Systems Protection Board (Board), Docket No. BN0752950162-X-1, finding the United States Postal Service (Agency) in compliance with an earlier final order of the Board, and dismissing Hill's petition for enforcement as moot. We affirm.
 
 
 2
 * On November 23, 1994, Hill was arrested at his home and charged with reckless endangerment and manufacturing explosives, based on his possession of 14 hand grenades, two containers of gunpowder, a length of fuse, and a manual on the use of hand grenades. Bail was initially set at a $100,000 surety bond, but was reduced to a $50,000 surety bond on November 25, 1994. On March 15, 1995, the bond was reduced to nonsurety status and Hill was released on a promise to appear and comply with certain conditions, including a promise to possess no weapons, gunpowder, ammunition, hand grenades, or any explosive, and an authorization to permit unannounced visits and searches of Hill's home for any of those items. During one such visit several days later, the police found more ammunition, more fuses, and marijuana in Hill's home. Hill was thus reincarcerated on March 27, with bail set at a $100,000 surety bond. On July 28, 1995, Hill pled guilty to the charges against him and was sentenced to six years in prison.
 
 
 3
 As a result of this activity, the Agency indefinitely suspended Hill effective the date of his arrest, November 23, 1994. Hill filed an appeal of the suspension on January 14, 1995, while he was still in jail. The Agency rescinded the suspension and moved to dismiss the appeal, and the administrative judge (AJ) dismissed the appeal as moot. Neither party filed a petition for review, and the AJ's decision became the final decision of the Board.
 
 
 4
 This dispute centers around a petition for enforcement filed by Hill on May 9, 1995, in which he claimed the agency had not returned him to the status quo ante in accordance with its rescission of his suspension, because it had not provided him back pay for the time he was suspended. The parties dispute the requirement of the Agency to provide back pay for the period from November 28, 1994 through March 15, 1995.[1] The Agency concedes that it did not pay Hill for this period, but asserts that it was not required to do so because he was not ready, willing, and able to work because of his incarceration. Hill argues that he was ready, willing, and able to work because he would have posted bond and made himself available to work if he had not been suspended.
 
 
 5
 At the hearing on Hill's petition, Hill presented testimony of a criminal attorney that surety bonds involving real estate can be posted to secure an accused's release from jail, and testimony of a realtor that Mr. Hill's mother's house had a value of $80,000 to $85,000. Mr. Hill's mother testified that she agreed with her son in November 1994 to pledge her house for bond if she would "not lose it." She testified that she would have put up the bond if Hill had been called back to work. The AJ found this testimony to be credible and found it reasonable for Hill to remain in jail during his suspension to accumulate "good time" that could count against his ultimate sentence. The AJ further found that Hill proved he could have posted the $50,000 surety bond, and thus was ready, willing, and able to work from November 28, 1994 to March 15, 1995.
 
 
 6
 On review, the Board found the Agency was in compliance and thus dismissed Hill's petition for enforcement as moot. The Board found that while Hill could have secured his release from custody by posting a surety bond, he chose not to do so. It further found Hill's mother's testimony that she would have posted a bond if he had not been suspended to be "purely speculative." Accordingly, the Board found that Hill was not ready, willing, and able to work during his incarceration.
 
 II
 
 7
 We may reverse a decision of the Board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).
 
 
 8
 On appeal, Hill argues that the Board incorrectly failed to give deference to the AJ's express finding of credibility when the Board characterized Hill's mother's testimony as "purely speculative." See Jackson v. Veterans Admin., 768 F.2d 1325, 1331 (Fed.Cir.1985) ("The MSPB must afford special deference to the presiding official's findings respecting credibility where the presiding official relies expressly or by necessary implication on the demeanor of the witnesses."). Hill's argument is misplaced. The Board, by referring to Mrs. Hill's testimony as speculative, did not call into question her credibility. She could have been entirely truthful when she testified about her agreement with her son and what she planned to do if he had not been suspended. Nonetheless, her testimony is speculation about what she planned to do, but never did. Thus, the Board did not intrude on the deference accorded the AJ with respect to credibility determinations.
 
 
 9
 Because Hill spent the entire disputed period in jail, the Board did not err in finding that he failed to meet his burden of showing that he was ready, willing, and able to perform his duties during that period. The decision of the Board dismissing Hill's petition for enforcement as moot is therefore affirmed.
 
 
 
 [1]
 The AJ found that Hill would not have been able to secure bond until November 28, 1994, and Hill does not dispute that he was unavailable to work from the date of his arrest, November 23, 1994, to November 27, 1994. The Agency submitted unchallenged evidence that it provided back pay to Hill for the period of his release, March 15 to March 27, 1995. Hill also does not argue that he should receive back pay for any period after March 27, 1995, when his bond was increased to $100,000